## BOLOGNESI et al. v. LAUS et al.

(Supreme Court, Appellate Term. June 13, 1912.)

New Trial (§ 71*)—Insufficiency of Evidence to Sustain Verdict.

A verdict on conflicting evidence, rendered under correct instructions, cannot be set aside as contrary to the evidence.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 144, 145; Dec. Dig. § 71.*]

Appeal from City Court of New York, Special Term.

Action by Alexander Bolognesi and another, copartners doing business under the name of A. Bolognesi & Co., against Andre Laus and

another. From an order setting aside, as contrary to the evidence, a verdict for defendants, they appeal. Reversed, and verdict reinstated.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Mark Eisner, of New York City, for appellant Andre Laus.

Joseph C. Macro, of New York City, for appellant Catrina Laus.

Francis B. Mullin, of New York City, for respondents.

SEABURY, J. This action is brought to recover $522.80, alleged to have been paid and advanced by the plaintiffs at the request of the defendants for the payment of custom house duty on an importation of wine and oil and for broker's fees. The defendant Andre Laus denied that he had any dealings with the plaintiff, and asserted that his wife had imported the wine and oil, and had paid the plaintiffs the amount of the import duty before the plaintiffs paid the same to the government. The defendant Catrina Laus pleaded payment.

One of the plaintiffs testified that, at the request of the defendants, he had paid the customs duty. It appears that, in advancing customs duties, it was the practice of the plaintiffs to take a note from the person on whose behalf the advance was made, or an order directing that the goods be delivered to them, to hold until the amount of the advance was paid. In the present case the plaintiffs do not claim to have asked for or received either a note or delivery order. The defendant Andre Laus testified that the goods were the property of his wife, and that his wife had paid the plaintiffs in cash the amount of the advance which they had made. Catrina Laus testified to the same effect, and also proved, without objection, that just before going to the plaintiffs' place of business she had borrowed $300 in order to be able to make the payment to the plaintiff. She was corroborated by the person who loaned her the money. A clerk in the employ of the plaintiffs testified that Catrina Laus had not made the payment to him. Another clerk testified that he did not remember that the money had been paid to him, but that, if it was, an entry of the payment would have been made in the cash book. He examined the cash book, and testified that there was no such entry. Plaintiffs offered the testimony of three other witnesses, who claimed to have presented bills to the defendant, and to have demanded payment. All of these witnesses testified that, when they demanded payment from Andre Laus, he replied that he had paid the bill. A discharged employé of the plaintiffs, testified that he had made an entry of the transaction with the defendants, and that he did not see the defendants pay any money to the cashier. On cross-examination, he refused to answer several questions, on the ground that, to do so, might tend to degrade him. No exception was taken to the charge in which the court submitted the case to the jury. The jury returned a verdict for the defendants, which the court immediately set aside, on the ground that it was contrary to the evidence.

The case presented a sharp conflict of fact, which it was essentially the province of the jury to determine. The determination of the jury cannot be said to be without support in the evidence, and there is nothing in the record which suggests that the verdict was the result of any other influence than a consideration of the credibility of the witnesses and the probability of their testimony.

The order appealed from is reversed, and the verdict reinstated, with costs to the appellant. All concur.